UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER, | 2:15-cv-503-JAD-PAL |
| Plaintiff, | **Order** |
| v. | |
| MICHAEL ANDERSON et al., | |
| Defendants | |

This action is a *pro se* civil rights suit under 42 U.S.C. § 1983 by a state prisoner.  On May 4, 2015, this court issued an order denying plaintiff's application to proceed *in forma pauperis* because plaintiff had "three strikes" under 28 U.S.C. § 1915(g).[1]  (Doc. 7 at 1-2.)  The court informed plaintiff that if he did not pay the $400 filing fee in full by June 3, 2015, the court would dismiss this case without prejudice.  (*Id.* at 2.)  The 30-day period has now expired, plaintiff did not pay the $400 filing fee, and this case will now be dismissed.

### Discussion

District courts have the inherent power to control their dockets and, "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v.*

---

[1] Plaintiff moves for reconsideration because he does not think he has three strikes.  (ECF No. 9).  The court denies plaintiff's motion for reconsideration.  The court has reviewed the cases it used for strikes and finds that plaintiff has three strikes pursuant to 28 U.S.C. § 1915(g): *Turner v. Self-Help Center et al.*, 2:13-cv-1954-MMD-GWF (failure to state a claim); *Turner v. Clark County Detention Center et al.*, 2:13-cv-2117-JAD-PAL (frivolous and failure to state a claim); and *Turner v. HDSP*, 2:13-cv-1752-GMN-NJK (frivolous).

1  *King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule

2  requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d

3  128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*,

4  779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with

5  local rules).

6         In determining whether to dismiss an action for lack of prosecution, failure to obey a court

7  order, or failure to comply with local rules, the court must consider several factors: (1) the public's

8  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

9  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

10  (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at

11  1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

12         Here, the first two factors—the public's interest in expeditiously resolving this litigation and

13  the court's interest in managing the docket—weigh in favor of dismissal.  The third factor, risk of

14  prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises

15  from an unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See*

16  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring

17  disposition of cases on their merits—is greatly outweighed by the other factors favoring dismissal.

18  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

19  satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833

20  F.2d at 132-33;  *Henderson*, 779 F.2d at 1424.  The court's order requiring plaintiff to pay the full

21  filing fee within 30 days expressly stated: "IT IS FURTHER ORDERED that this action will be

22  DISMISSED without prejudice unless plaintiff pays the $400.00 filing fee (which includes the $350

23  filing fee and the $50 administrative fee) in full by June 3, 2015." (Doc. 7 at 2.)  Thus, plaintiff had

24  adequate warning that his case would be dismissed if he failed to pay the $400 filing fee within 30

25  days.

**Conclusion**

27         Accordingly, with good cause appearing and no reason for delay, IT IS THEREFORE

28  ORDERED, ADJUDGED, AND DECREED that this action is **dismissed without prejudice** based

1    on plaintiff's failure to pay the $400.00 filing fee in compliance with this court's May 4, 2015, order.

2           IT IS FURTHER ORDERED that the motion to extend prison copy work limit **(Doc. 3) is**

3    **denied**.

4           IT IS FURTHER ORDERED that the motion to amend complaint **(Doc. 6) is denied** as

5    moot.

6           IT IS FURTHER ORDERED that the motion for reconsideration **(Doc. 9) is denied.**

7           IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

8           Dated this 5th day of June, 2015.

9

10          Jennifer A. Dorsey
            United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28